**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

---

CURTIS SCOTT WILLIAMS,

      Plaintiff,

   v.

WEBER MORGAN STRIKE FORCE et
al.,

      Defendants.

Case No. 1:07-CV-70 DAK

**MEMORANDUM DECISION AND ORDER
DISMISSING COMPLAINT**

---

Plaintiff, Curtis Scott Williams, filed this *pro se* civil rights suit under 42 U.S.C. § 1983 while confined in the Davis County Jail.  *See* 42 U.S.C.A. § 1983 (2007).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### I. Background

Plaintiff is a federal prisoner currently awaiting trial on charges related to the manufacture of methamphetamine.  On August 22, 2006, Plaintiff filed a habeas corpus petition attempting to challenge his confinement by collaterally attacking various aspects of the criminal case pending against him.  On April 24, 2007, the Court received the instant civil rights Complaint along with a letter asking that Plaintiff's habeas corpus petition be "annexed" with the Complaint here and filed as a separate civil

rights suit.  On May 15, 2007, the Complaint was filed without the habeas corpus petition being annexed.[1]  On January 18, 2008 Plaintiff's habeas corpus petition was dismissed as premature because Plaintiff's criminal proceedings are still ongoing.[2]  On June 7, 2007, the Court received from Plaintiff a document (mailed in four separate envelopes) entitled "Table of Contents" which consists of twenty pages of additional handwritten narrative regarding Plaintiff's criminal prosecution and nine pages of exhibits.  Although this document was presumably intended as a supplement to the Complaint it was not clearly identified as such and was, therefore, lodged in the file.

## II. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When

---

[1]  The Federal Rules of Civil Procedure do not provide for the type of "annexation" requested by Plaintiff.

[2]  Plaintiff is currently appealing the dismissal of his habeas corpus petition to the Tenth Circuit.

reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 *F.2d 1106, 1109 (10th Cir. 1991)*.

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### III. Sufficiency of Plaintiff's Complaint

A review of Plaintiff's Complaint, habeas corpus petition, and supplemental materials reveals that the present civil rights suit is actually a further attempt to undermine the criminal charges still pending against Plaintiff.  In fact, Plaintiff admits in his Complaint that all of the issues presented in this suit have also been raised in his habeas corpus petition.[3] (Compl. at 8.)   Although the Complaint and other materials

---

[3]  Plaintiff's attempt to "annex" his habeas corpus petition to the Complaint is further evidence that this suit was intended to undermine his criminal prosecution.

include numerous allegations of wrongdoing the only claims specifically raised in the Complaint are unreasonable search and seizure, denial of due process and failure to properly investigate the destruction of evidence in Plaintiff's criminal case.  The Complaint names ten separate defendants in both their individual and official capacities and seeks Plaintiff's release from confinement and compensatory damages.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 480-82.  Under *Heck*, claims for damages or release from confinement based on wrongful imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated.  *Id.* at 487. Thus, before bringing a § 1983 suit alleging such claims the plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The *Heck* doctrine has also been extended to situations where a criminal prosecution is ongoing and no conviction has yet been

obtained.   In *Beck v. City of Muskogee Police Dept.*, 195 F.3d
553, 557 (10th Cir. 1999), the Tenth Circuit stated that "*Heck*
precludes § 1983 claims relating to pending charges when a
judgment in favor of the plaintiff would necessarily imply the
invalidity of any conviction or sentence that might result from
prosecution of the pending charges." *Beck* further held that such
claims do not arise until the pending criminal charges are
dismissed.   *Id.*

The Court finds that a judgment in favor of Plaintiff on any
of the claims alleged in his present Complaint would necessarily
imply the invalidity of any conviction or sentence that might
result from prosecution of the criminal charges still pending
against him.   Thus, the Court concludes that Plaintiff's
Complaint must be dismissed for failure to state a claim on which
relief can be granted.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed without prejudice** for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915(e)(2)(B) (West 2007).

BY THE COURT:

DATED this 25th day of March, 2008.

Dale A. Kimball
United States District Judge